| | |
|---|---|
| 1 | RICK D. ROSKELLEY, ESQ., Bar # 3192 |
| | KAITLYN M. BURKE, ESQ., Bar # 13454 |
| 2 | LITTLER MENDELSON, P.C. |

RICK D. ROSKELLEY, ESQ., Bar # 3192
KAITLYN M. BURKE, ESQ., Bar # 13454
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
Telephone:  702.862.8800
Fax No.:  702.862.8811
Email: rroskelley@littler.com
Email: kmburke@littler.com

Attorneys for Defendant
WELLS FARGO FINANCIAL NATIONAL BANK

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NICOLE ANTONE,<br><br>           Plaintiff,<br><br>vs.<br><br>WELLS FARGO FINANCIAL NATIONAL BANK (FKA Wells Fargo Bank, National Association), a foreign Delaware corporation, and DOES 1 through 10 inclusive,<br><br>           Defendant. | Case No. 3:18-cv-00236-LRH-WGC<br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiff NICOLE ANTONE ("Antone") and Defendant WELLS FARGO FINANCIAL NATIONAL BANK ("Wells Fargo"), by and through their respective counsel of record, hereby submit the following Stipulated Protective Order regarding the confidentiality of discovery materials.

Disclosure and discovery activity in the above-captioned action are likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and use for any purpose other than prosecuting this litigation may be warranted. The parties acknowledge that this protective order does not confer blanket protection for all disclosures or responses to discovery and that the protection it affords from public disclosure and use

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

1. **Definition of "Confidential Information."** "Confidential Information," which may be designated as provided in paragraph 5 below, is defined as follows: trade secrets, protected contacts, business contacts, business practices, procedures and processes, non-public customer information (e.g., customer lists, customer names and contact information, etc.), financial information (non-public profits and loss information, financial statements, etc.), contractual relationships, marketing practices and procedures, management policies and procedures, sensitive personnel information including terms of employment, salary, bonus agreements, performance evaluations, and confidential or private personal information.

2. **Use Limitations.** All Confidential Information produced in the course of discovery proceedings herein shall be used only for the purpose of preparing for and conducting this litigation (including appeals) and not for any other purpose whatsoever.

2.1 **Limitations on Disclosure of Confidential Information.** Confidential Information shall not be given, shown, or made available or communicated in any way to anyone except persons specified in paragraph 6 below who have read and are bound by the terms of this Protective Order, and to whom it is necessary that such Confidential Information be given or shown for the purposes permitted under this paragraph. The Parties agree that materials subject to this Order which are marked "Confidential" and/or "Confidential – Attorneys' Eyes Only" will be treated as such, subject to the resolution of any motion filed pursuant to paragraph 7. Before any party includes any information or material marked "Confidential" and/or "Confidential – Attorneys' Eyes Only" in any pleading, motion, notice, memorandum filed with the Court that the party cannot or will not redact, the party first must file a motion seeking leave to file under seal the portion of such materials marked "Confidential" and/or "Confidential – Attorneys' Eyes Only in accordance

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

2.

Firmwide:156389699.1 091367.1024

with the standard articulated in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), along with the Local Rules of the United States District Court for the District of Nevada. Treatment of the material as Confidential will continue at a minimum until the Court resolves the issue.

**2.2 Advice to Client Based on Confidential Information.** Notwithstanding the foregoing, nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering litigation advice to his/her client, and in the course thereof, referring to or relying upon the attorney's examination of designated information.

**3. Scope of Protection/Disclosure of Confidential Information in Other Proceedings.** This Protective Order governs the handling of all Confidential Information, including documents, testimony, and other information, including all copies, excerpts, and summaries thereof, produced, given, or filed during discovery and other proceedings in this action, including Confidential Information produced, given, or filed prior to the date of this Protective Order.

**3.1** If any party to another legal proceeding, or a court or an administrative agency, through discovery, subpoenas, or orders, demands production of Confidential Information, the party receiving such demand for Confidential Information shall promptly, and before producing Confidential Information to such other party, court, or administrative agency, notify (1) the requesting party, court, or administrative agency of this Protective Order; and (2) the party whose Confidential Information is being sought.

**3.1.1** The party whose Confidential Information is being sought shall have the obligation of defending against such subpoena, order, or demand, and the person or party receiving the subpoena, order or demand shall be entitled to comply with it except to the extent the producing party is successful in obtaining an order modifying or quashing the subpoena, order or demand.

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

3.

Firmwide:156389699.1 091367.1024

**4. Confidential Information Produced by Third Parties.** This Protective Order shall apply to the parties to this action, and also to any other person producing or disclosing Confidential Information in this action who agrees or is ordered to be bound by this Protective Order. Accordingly, as used herein, the term "person" includes both the named parties in this civil action, and third parties who have agreed or been ordered to be bound by this Protective Order. If, in the course of this action, information is sought from a third party which would require such person to disclose and/or produce Confidential Information, such third party may obtain the protections of this Protective Order by agreeing in writing to produce information pursuant to this Protective Order and to be bound by it. No further order of this Court shall be necessary to extend the protections of this Order to third parties.

**5. Designation of Confidential Information.** Any person who produces, gives, or files Confidential Information may designate information as Confidential Information if it meets the definition stated in paragraph 1; provided, however, that any designation of Confidential Information shall not constitute an admission by any other party that such Confidential Information is confidential or trade secret information as defined under applicable legal standards. Filing a motion under the Local Rules requesting leave to file information or material under seal or subsequently filing any document containing information designated "Confidential" under seal pursuant to paragraph 2.1, shall not constitute an admission by the filing party that such Confidential Information of another party is confidential or trade secret information as defined under applicable legal standards.

**5.2 Designation of Documents.** Documents may be designated as Confidential Information by stamping "Confidential" (or similar designation) on each page prior to production. To the extent documents containing Confidential Information subject to this Protective Order were previously produced without any designation of confidentiality, such documents shall be

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

Firmwide:156389699.1 091367.1024

stamped "Confidential" and reproduced.

        **5.3**    **Designation of Deposition Testimony.**  Deposition testimony may be designated, in whole or in part, as Confidential Information by oral designation on the record, or within ten (10) days after receipt of the transcript with designations as specified below.  If made on the record, the person making the designation shall instruct the Court Reporter to bind the "Confidential" portions of the deposition transcript separately and to stamp the word "Confidential" (or similar designation) as appropriate, on each transcript page so designated.  All deposition testimony shall be treated as "Confidential" pending expiration of the ten (10) day period after receipt of the transcript.

**6.**    **Persons to Whom Confidential Information May be Disclosed.**

        **6.1**    **"Confidential Information."**  Except as otherwise provided by this Protective Order, information designated as "Confidential" shall be disclosed only to:

        **6.1.1**    Counsel of record for the parties in this action, and other attorneys, clerical, paralegal, and other staff employed by counsel of record;

        **6.1.2**    Independent experts or independent consultants who are assisting counsel of record for the parties in this action in the prosecution or defense of this action. Before access is given, each such independent expert or independent consultants shall agree in writing to be bound by this Protective Order by completing and signing the form attached hereto as Exhibit A and advised that violation of the terms of this Protective Order (by use of the Confidential Information for business purposes or in any other impermissible manner) may constitute contempt of Court.

        **6.1.3**    Individuals named as parties, and such officers, directors, or employees of the parties, as counsel requires to provide assistance in the prosecution or defense of this action, and for no other purpose;

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

Firmwide:156389699.1 091367.1024

**6.1.4** The Court and court personnel;

**6.1.5** Any other Person as to whom the producing Person agrees in writing;

**6.1.6** Witnesses at deposition or trial qualified under paragraphs 6.4.1 and 6.4.2; provided, however, that before access is given, each such witness shall have agreed in writing to be bound by this Protective Order by completing and signing the form attached hereto as Exhibit A and advised that violation of the terms of this Protective Order (by use of the Confidential Information for business purposes or in any other impermissible manner) may constitute contempt of Court; and

**6.1.7** Court reporters employed in connection with this action.

**6.2 "Confidential − Attorneys' Eyes Only" Information.** Notwithstanding any other provision of this Protective Order, information designated as "Confidential − Attorneys' Eyes Only" shall be disclosed *only* to the following:

**6.2.1** Persons described in paragraph 6.1.1.

**6.2.2** Persons described in paragraph 6.1.4, provided that the documents are handled consistent with paragraph 2.1 above.

**6.2.3** Persons described in paragraph 6.1.5.

**6.2.4** Witnesses and independent experts or consultants (as defined in paragraph 6.1.2) at deposition or trial, provided that the producing person agrees in writing, and that such witness and/or independent expert or consultant (as defined in paragraph 6.1.2) shall have agreed in writing to be bound by this Protective Order by completing and signing the form attached hereto as Exhibit A.

**6.3** **Disclosure of Confidential Transcripts to the Deponent.** Deposition transcripts containing Confidential Information may be shown to the deponent for the

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

Firmwide:156389699.1 091367.1024

purpose of correction, but the deponent may not retain a copy of the transcript unless the deponent agrees to be bound by this Protective Order by signing a copy of the acknowledgment form attached as Exhibit A.

      **6.4**     **Limited Exceptions:**

          **6.4.1**    **Persons Previously Having Access to Confidential Information.** A producing party's Confidential Information to which a present or former employee, consultant or agent has had access during the period of his employment or association with the producing party may be disclosed to that present or former employee, consultant or agent.

          **6.4.2**    **Authors/Addressees.** This Protective Order shall not apply to the disclosure of a producing party's Confidential Information to persons who were the authors or addressees of those documents or who are shown as having received copies.

          **6.4.3**    **Witnesses.** If a document designated as Confidential Information refers to the conduct or affairs of a witness, the parties' attorneys may discuss such conduct or affairs with the witness without revealing the document.

          **6.4.4**    **Certain Information Not Subject to Scope of Order.** The restrictions of this Protective Order shall not apply to information which (a) was, is, or becomes public knowledge, not in violation of this Protective Order, or (b) was or is acquired from a third party possessing such information and having no obligation of confidentiality to the designating party, or (c) the receiving party can establish was in its rightful and lawful possession at the time of disclosure or was developed independently by the receiving party without the use of Confidential Information.

      **7.**     **Resolution of Disputes.** Whenever a party objects to the treatment of a document or transcript as "Confidential" as defined in paragraphs 1 and 5 herein, it shall, in writing or on the record in any proceeding herein, so inform the party seeking "Confidential" treatment. The

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

7.

Firmwide:156389699.1 091367.1024

failure of a party to object in a timely manner shall not constitute a waiver. The party proposing such treatment may thereafter apply to the Court by motion for a ruling that the document or transcript shall be treated as "Confidential" in the manner described in paragraphs 1 and 5 herein. Such motion shall be made within a reasonable period of time after notice of the objection to a "Confidential" designation is given. Upon such application, the party asserting confidentiality bears the burden to establish same. Until the Court enters an Order changing the designation of the document or transcript which is to be the subject of the application, it shall be afforded the "Confidential" treatment described in paragraphs 1 and 5 herein.

**8. <u>Disposition of Confidential Information Following Conclusion of Litigation.</u>** At the conclusion of this litigation (i.e., upon its final dismissal), all copies of all documents or transcripts designated "Confidential" and any copies thereof, shall either be destroyed or returned to the party or person producing same.

**8.1** Notwithstanding any of the foregoing, counsel of record may maintain a complete set of pleadings, non-confidential deposition transcripts and exhibits, and non-confidential trial transcripts and exhibits following conclusion of this litigation.

**9. <u>Unauthorized Disclosure or Inadvertent Production.</u>** If either party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this protective order, the receiving party must immediately (a) notify the designating party in writing of the unauthorized disclosure, (b) use its best efforts to retrieve all unauthorized copies of the confidential material, (c) inform the person(s) of the terms of the protective order, and (d) request such person(s) execute Exhibit A. Pursuant to Federal Rule of Evidence 502(d) and (e), attorney-client, work product, or any other privilege will not be waived by disclosure connected to this litigation. As a result, the parties agree that nothing in this protective order will be deemed to limit or waive the attorney-client, work product, or any other privilege.

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

8.

Firmwide:156389699.1 091367.1024

**10. Continuing Obligation, Retention of Jurisdiction.** This Order shall continue to be binding after the conclusion of this litigation, and the Court shall retain limited jurisdiction over the parties hereto for purposes of enforcing any obligations imposed hereby.

11. Until such time as this Protective Order has been entered by the District Court, the parties agree that upon execution by the parties, it will be treated as though it has been "So Ordered."

Dated: August 20, 2018

Respectfully submitted,

*/s/ Jason D. Guinasso, Esq.*
JASON D. GUINASSO, ESQ.
HUTCHISON & STEFFEN, PLLC

Attorneys for Plaintiff
NICOLE ANTONE

Dated: August 20, 2018

Respectfully submitted,

*/s/ Kaitlyn M. Burke, Esq.*
RICK D. ROSKELLEY, ESQ.
KAITLYN M. BURKE, ESQ.
LITTLER MENDELSON, P.C.

Attorneys for Defendant
WELLS FARGO FINANCIAL NATIONAL BANK

## ORDER

Paragraph 2.1 is also governed by *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

Paragraph 10 – Continuing Obligation, Retention of Jurisdiction: The Protective Order is modified to reflect that although the parties may agree to be bound by the confidentiality terms of this Order beyond the conclusion of this lawsuit, the dismissal of this action will terminate the jurisdiction of this Court.

**IT IS SO ORDERED.**

DATED: August 21, 2018.

_William G. Cobb_
UNITED STATES MAGISTRATE JUDGE

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

Firmwide:156389699.1 091367.1024

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], am currently employed by _____ [print or type name], located at _____ [print or type full address], and my current job title is _____. I declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Nevada in the case of *Nicole Antone vs. Wells Fargo Financial National Bank (FKA Wells Fargo Bank, National Association),* Case No. 3:18-cv-00236-LRH-WGC (D. Nev.).

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not divulge any documents or copies of documents, designated "Confidential" or "Confidential - Attorneys Eyes Only" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order. As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential" or "Confidential - Attorneys Eyes Only," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents. I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____     City and State where sworn and signed:_____

Printed name: _____
                      [printed name]

Signature: _____
                      [signature]

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

Firmwide:156389699.1 091367.1024