RICK D. ROSKELLEY, ESQ., Bar # 3192
KAITLYN M. BURKE, ESQ., Bar # 13454
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
Telephone: 702.862.8800
Fax No.: 702.862.8811
Email: rroskelley@littler.com
Email: kmburke@littler.com

Attorneys for Defendant
WELLS FARGO FINANCIAL NATIONAL BANK

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NICOLE ANTONE,<br><br>    Plaintiff,<br><br>vs.<br><br>WELLS FARGO FINANCIAL NATIONAL BANK (FKA Wells Fargo Bank, National Association), a foreign Delaware corporation, and DOES 1 through 10 inclusive,<br><br>    Defendant. | Case No. 3:18-cv-00236-LRH-WGC<br><br>**STIPULATION AND ORDER TO SEAL EXHIBIT 4 ATTACHED TO PLAINTIFF'S COMPLAINT** |

       Plaintiff NICOLE ANTONE ("Antone") and Defendant WELLS FARGO FINANCIAL NATIONAL BANK ("Wells Fargo"), by and through their respective counsel of record, hereby submit the following Stipulation requesting that the Court issue an order sealing Exhibit 4 attached to Plaintiff's Complaint. (**ECF No. 1, p. 32-92**).

       The Ninth Circuit comprehensively examined the presumption of public access to judicial files and records in *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). There, the Court recognized that a party seeking to seal judicial records bears the burden of meeting the "compelling reasons" standard, as previously articulated in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). Under the compelling reasons standard, "a

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety*, 809 F.3d at 1097. (quoting *Kamakana*, 447 F.3d at 1179). "The court must then 'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Ctr. for Auto Safety*, 809 F.3d at 1097. For example, the Ninth Circuit noted that "sources of business information that might harm a litigant's competitive standing" could constitute a compelling reason. *Id*.

Additionally, the Ninth Circuit noted an exception to the compelling reasons standard where a party may satisfy the less exacting "good cause" standard for sealed materials attached to a discovery motion unrelated to the merits of the case. *Id.* "The good cause language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: 'The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.* (citing Fed.R.Civ.P. 26(c)). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. General Motors*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). The Ninth Circuit further clarified that the labels of "dispositive" and "nondispositive" will not be the determinative factor for deciding which test to apply because the focal consideration is "whether the motion is more than tangentially related to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1101.

Here, the parties request that Exhibit 4 to the Complaint be sealed. (**ECF No. 1, p. 32-92**). Exhibit 4 to the Complaint constitutes documents that are confidential personnel documents describing Defendant's process for evaluating its employees. *Id.* The documents in Exhibit 4 are documents that are to be exchanged in discovery and therefore, are subject to the parties' protective order governing discovery documents. (**ECF No. 18**). Additionally, the documents to be sealed, while attached to Plaintiff's Complaint, do not go to the merits of the action itself. Indeed, the documents are simply likely to be used in support of future summary judgment briefing, and therefore, have no more than a tangential relationship to the merits of the case. Even if the Court views the parties' request to seal Exhibit 4 as "more than tangentially related to the merits of a case,"

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

1 *Ctr. for Auto Safety*, 809 F.3d at 1101, because they are attached to Plaintiff's Complaint, the parties can meet the compelling reasons test. The reason the parties seek to seal Exhibit 4 to the Complaint is because the documents are a source "of business information that might harm" Defendant's competitive standing, which is an example of a compelling reason that the Court has discretion to recognize. *Ctr. for Auto Safety*, 809 F.3d at 1097.

Specifically, public disclosure of Exhibit 4 would cause an identifiable, significant harm in that Defendant's confidential financial information utilized in evaluating employees would be disclosed to its competitors. The documents contain customer performance statistics, yearly financial targets, and specific profit and loss metrics that are confidential information that would give Defendant's competitors an unfair advantage. In fact, they contain detailed information regarding Defendant's financial performance for a range of years and in a region that would harm its competitive standing. It would also disclose Defendant's specific factors in evaluating management employees that is kept confidential from other employees in the company and the public. Further, the documents included in Exhibit 4 to the Complaint fall under the confidential designation pursuant to the parties' stipulated protective order governing the disclosure of discovery documents identified as a trade secret or confidential financial information. (**ECF No. 18**). Rule 26(c) allows the Court to protect "trade secrets[s] or other confidential research, development or commercial information." Indeed, this Court has sealed documents for this reason in the past and should do so again here. *See, e.g., Youtoo Techs., Inc. v. Twitter, Inc.*, No. 3-17-cv-00414-LRH-WGC, 2017 WL 3396496, at *2 (D. Nev. Aug. 7, 2017) (granting motions to seal documents designed confidential in

/ / /
/ / /
/ / /

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

3.

a protective order). Therefore, the parties stipulate and request that the Court issue an order sealing Exhibit 4 to Plaintiff's Complaint. (**ECF No. 1, p. 32-92**).

Dated: August 21, 2018

Respectfully submitted,

*/s/ Jason D. Guinasso, Esq.*
JASON D. GUINASSO, ESQ.
HUTCHISON & STEFFEN, PLLC

Attorneys for Plaintiff
NICOLE ANTONE

Dated: August 21, 2018

Respectfully submitted,

*/s/ Kaitlyn M. Burke, Esq.*
RICK D. ROSKELLEY, ESQ.
KAITLYN M. BURKE, ESQ.
LITTLER MENDELSON, P.C.

Attorneys for Defendant
WELLS FARGO FINANCIAL NATIONAL BANK

**IT IS SO ORDERED.**

_William G. Cobb_
UNITED STATES MAGISTRATE JUDGE

DATED: August 28, 2018

Firmwide:156629140.1 091367.1024

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

4.